Weldon, J.,
delivered the opinion of the court:
This is a suit growing out of the levying of direct taxes, under the act of 1862, on property situate in the city of Little Rock, State of Arkansas.
The property in 1861 belonged to Albert Pike and Thomas W. Newton, both of whom aided the Confederate States during the late war. In consequence of the adherence of the owners of the property to the Southern Confederacy, proceedings were commenced in the District Court of the United States for said State, against said property, for the purpose of confiscating the same, which proceedings resulted in a condemnation and sale. At this sale, the claimant became the purchaser to the extent *391 that the same could be effected by proceedings in confiscation. After said sale, a tax was levied by the United States on said land, and because of the nonpayment of it, the said property in 1865 was sold, the said claimant becoming the purchaser? On the 23d day of August, 1866, claimant sold all his interest in said property by quitclaim to Charles K. Thayer.
Afterwards, in 1868, John Wassel, who claimed an interest in said land, acquired by and through a proceeding against the interest of Albert Pike, instituted a suit in equity in the Circuit Court of the United States for said district against Thayer, the purchaser from claimant, seeking by said proceeding to set aside the deed which had been made to claimant founded upon said tax-sale, and to declare null and void the title of said Thayer as made by said quitclaim by plaintiff.
August 14,1869, while said suit was ponding, Thayer conveyed by quitclaim to Ellen 0. Brown; in March, 1871, Ellen C. Brown conveyed her title to Andrews and Yenley by quitclaim; April, 1871, the suit of Wassel v. Thayer was submitted for a decree, and the following decree made and entered:
“And now on this day, and by like consent of parties, this cause came on to be heard upon pleadings, exhibits, documentary evidence, and depositions on file, and which documentary .evidence and depositions it is agreed are the same which are on file and were read on the hearing of the case of Washington L. Schenck and John Mills against Gordon W. Peay on bill, and Gordon W. Peay against Washington L. Schenck, John Mills, and Galvin O. Bliss on cross bill, and was heard; on consideration whereof, and by like agreement of said parties, it is ordered and adjudged and decreed by the court here, that all and singular the right, title, interest, estate, and claim, at law or in equity, of the said defendant Charles K. Thayer of, in, and totheseverallots, tracts, or parcels of land and premises, or any part thereof, known as the Odd Fellows’ hall property and the State Bank property, in the city of Little Bock, and more particularly described in said pleading herein, reference being thereto had, under and by virtue of this alleged pur- • chases thereof at a sale thereof by United States direct-tax commissioners for Arkansas.for alleged nonpayment of United States direct taxes thereon, made and held by said tax commissioners at Little Bock, on the 4th day of May, 1865, and all or any certificates or other evidence of such title issued to or acquired by said defendant in pursuance of his purchase at such tax sale, be, and the same are hereby, canceled, set aside, and held for naught, and it is admitted by said parties, as part of the record of this cause, that said direct taxes assessed *392 upon said property here in controversy, together with all penalties and costs thereon, were tendered to said tax commissioners by or. on behalf of Albert Pike.”
It Will be seen by an examination of the decree, that it was entered by agreement of the parties. Under the act of 1872, the purchaser at a tax sale must defend in good faith, and can only recover upon the judgment of eviction. The Government is entitled to a defense made in good faith. It is the duty of the purchaser at ^ tax sale to avail himself of every resource to maintain the title acquired in and through the proceedings of the tax sale. The decree indicates a want of proper diligence upon the part of the claimant. While the courts had made a decision, which in effect, might invalidate the action of the commissioners in the levy of the tax, admissions are made in the decree, which in law invalidate it as a decree binding on the defendants.
Under the statute of 1872, providing for a refund of the amount paid by the purchaser at a sale, it is necessary to show that there has been an eviction without collusion upon the part of the purchaser with the party claiming title. The United States, not being a party to the suit between Wassel and Thayer, are not bound by the decree, unless it is the result of judicial investigation founded upon a. litigation conducted in strict accordance with the statute. There was no eviction, in fact, of the purchaser from the premises; it was only a failure of title founded on the tax sale. The claimant did not suffer the consequence of that failure. He had sold his interest in the property by quitclaim, and was not therefore responsible to his grantee upon the failure of the tax title.
We think Comptroller Matthews takes the correct view of the rights of the claimant in his letter, and the petition is dismissed.